NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 15 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FABIAN FUENTES ROSAS,<br><br>                Petitioner-Appellant,<br><br>  v.<br><br>TIMOTHY FILSON; ATTORNEY GENERAL FOR THE STATE OF NEVADA,<br><br>            Respondents-Appellees. | No.   17-16839<br><br>D.C. No.<br>3:05-cv-00490-RCJ-VPC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted November 12, 2019**
San Francisco, California

Before:  BEA and LEE, Circuit Judges, and PIERSOL,*** District Judge.

Petitioner Fabian Fuentes Rosas appeals the district court's denial of

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota, sitting by designation.

Grounds One and Two of his petition for writ of habeas corpus. Reviewing de novo, *Dickens v. Ryan*, 740 F.3d 1302, 1321 (9th Cir. 2014) (en banc), we affirm.

Rosas exhausted Grounds One and Two of the operative petition—each of which rely on Nevada's alleged failure to abide by the terms of a written polygraph agreement ("the Agreement")—when he presented the claims to the Nevada Supreme Court in his second petition for writ of habeas corpus. Under the doctrine of procedural default, however, federal courts will not review the merits of claims that a state court declined to hear due to the petitioner's failure to abide by adequate and independent state procedural rules. *Williams v. Filson*, 908 F.3d 546, 577 (9th Cir. 2018); *Martinez v. Ryan*, 566 U.S. 1, 9 (2012). The Nevada Supreme Court here held, among other things, that (1) Rosas's second state habeas petition relying on the Agreement was procedurally barred by Nevada Revised Statute ("NRS") § 34.726(1) because it was filed more than one year after resolution of Rosas's direct appeal; and (2) Rosas did not demonstrate good cause to avoid NRS § 34.726(1)'s timeliness requirement because Rosas waited years after finding the Agreement to file his second state habeas petition. As we have held before, NRS § 34.726 is an adequate and independent state law ground for procedural default in non-capital cases, such as Rosas's. *See Moran v. McDaniel*, 80 F.3d 1261, 1268–70 (9th Cir. 1996). As a result, Rosas had the burden to assert specific factual allegations that demonstrate the inadequacy of NRS § 34.726 with case citations

demonstrating its inconsistent application. *Williams*, 908 F.3d at 577. Rosas failed to carry that burden, and thus the doctrine of procedural default applies.

After correctly holding that the doctrine of procedural default applies, the district court did not err in holding that Rosas failed to show cause to overcome the procedural default of Grounds One and Two of the operative petition. The district attorney's failure to recall there being a written agreement did not render Rosas incapable of relying on the Agreement because he too signed the Agreement and could have disputed the district attorney's memory. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991) (explaining that cause "requires a showing of some external impediment *preventing* counsel from constructing or raising the claim") (quoting *Murray v. Carrier*, 477 U.S. 478, 492 (1986)). More important, the Agreement was in the possession of Rosas's attorney of record, in the county public defender's office, and Rosas does not explain why his counsel's failure to locate the Agreement was the fault of the State. Nor does Rosas explain why a reasonable investigation would not have located the Agreement. *See id.* at 498.

**AFFIRMED.**